FILED

2024 Apr-18  PM 01:47
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **GREG CHAPMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **Civil Action No. 5:24-cv-00023-CLS** |
| | ) |
| **CALEB SKIPPER,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This opinion addresses defendant's motion to dismiss.  Doc. no. 5.  It is charitable to say that the parties' pleadings are not a model of clarity.  As best the court can determine from the complaint of *pro se* plaintiff, Greg Chapman, the motion of defendant, Caleb Skipper (who is the Solid Waste Director for Jackson County, Alabama), and plaintiff's response, plaintiff alleges that:  "On or about May 2, 2023," he was served by a "police officer" with a summons to appear in the Jackson County, Alabama, District Court for allegedly violating Alabama Code § 22-27-7:  a statute that provides enforcement authority and penalties for failure to pay solid waste collection fees.[1]  "Plaintiff verbally made clear to the police officer that the address on the summons was not the address [at which] he resides. . . ."[2]  In addition, plaintiff

---

[1] Doc. no. 1 (Complaint), ¶ 9.

[2] *Id.* ¶ 12 (alteration supplied).

mailed a letter to defendant, in which he asserted that he was "exempt" from participation in the County's Solid Waste Program.[3]   Defendant, nevertheless, continued with the court proceedings to which plaintiff had been summoned, but (plaintiff alleges) without affording him the opportunity described in Alabama Code § 22-27-6(b)[4] to show cause for his failure to subscribe to the County's Solid Waste Program and failure to pay the required fees, or to provide proof that he obtained a

---

[3] *Id.* ¶ 13.

[4] The statute cited in text provides that:

> Whenever the Solid Waste Officer shall find that any person, household, business, industry or any property owner has failed to subscribe to the County Solid Waste Collection Program and pay the required solid waste collection and disposal fees or has failed to obtain a certificate of exception in violation of this article[,] such failure shall constitute a public nuisance.  The Solid Waste Officer shall thereupon cite such delinquent to appear before the Solid Waste Officer within 10 days at the courthouse of the county in which the citation is issued and to show cause why subscription has not been made, such fees have not been paid or an exemption has not been obtained and, at the same time, shall file with the county commission a copy of such citation showing service on the delinquent.  Should such delinquent appear timely before the Solid Waste Officer and cannot give satisfactory proof that he has obtained a certificate of exception such officer shall cause the delinquent to subscribe to the Solid Waste Collection and Disposal Program and pay the required fees.  If such delinquent shall fail or refuse to subscribe to such program and pay such fees, the Solid Waste Officer shall institute or cause to be instituted proceedings as provided in Section 22-27-7 against such delinquent before any court having jurisdiction of such offense.  Should such delinquent fail to appear before the Solid Waste Officer within the time allowed such officer shall institute or cause to be instituted proceedings as provided in Section 22-27-7 against such delinquent before any court having jurisdiction of such offense.

certificate of exception.  The case was tried before Jackson County District Judge Don Word on July 21, 2023.  Following consideration of the testimony and evidence presented, Judge Word adjudged plaintiff to be "GUILTY of Failure to Participate in the Jackson County Garbage Service [*sic*]," and ordered him to pay a fine in the amount of $200, restitution in the amount of $838.50, and court costs.[5]  Plaintiff also was sentenced to thirty days in the Jackson County Jail, but imposition of his sentence was suspended, and he was placed on probation for a period of twelve months.[6]

Plaintiff appealed his conviction to the Circuit Court of Jackson County, Alabama.  On December 15, 2023, the State filed a motion to dismiss the case, stating that plaintiff had paid the $838.50 balance owed to the Solid Waste authority.[7]  The motion was granted by Jackson County Circuit Court Judge M. Brent Benson on

---

[5] Doc. no. 6-1 (Defendant's Brief in Support of Motion to Dismiss), Ex. A (Order entered in Jackson Count District Court Case No. DC-2023-000992.00, styled *State of Alabama v. Chapman Greg* [*sic*]), at ECF 2.  **Note**:  "ECF" is an acronym formed from the initial letters of the name of a filing system that allows parties to file and serve documents electronically:  *i.e.*, "Electronic Case Filing."  *See The Bluebook:  A Uniform System of Citation*, Rule 7.1.4, at 21 (Columbia Law Review Ass'n *et al.* eds., 19th ed. 2010).  When this court cites to pagination generated by the header electronically imprinted on a scanned copy of a document filed in this case, it will, as here, precede the page number(s) with the letters "ECF."

[6] *Id.*

[7] *Id.* at ECF 3 (Criminal Case No. CC-2023-404, correctly styled *State of Alabama vs. Greg Chapman*).

January 9, 2024.[8]

## I.  STANDARDS OF REVIEW

The Federal Rules of Civil Procedure permit a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  That rule must be read together with Rule 8(a), which requires that a pleading contain only a "*short and plain statement* of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  [*Twombly*, 550 U.S. at 555].  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.
>
> To survive a motion to dismiss [founded upon Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."  *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[8] *Id.* at ECF 4 (styled *State of Alabama V. Chapman Greg* [*sic*], and stating that "The Court waited over three weeks to give Defendant [*i.e.*, plaintiff in the present proceedings] a chance to respond.  He has not.  Therefore, on Motion of the State, and without objection from the Defendant, the Defendant shall pay the Court Costs in this case.").

that the defendant is liable for the misconduct alleged.  *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*.  *First*, the tenet that a court must accept as true all of the allegations contained in a compliant is *inapplicable to legal conclusions*.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id.* at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.* at 556.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  409 F.3d at 157–58.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations.  *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.*

*Iqbal*, 556 U.S. at 678-79 (emphasis supplied, second and fourth alterations in original, other alteration supplied).

## II. DISCUSSION

Plaintiff asserts two claims against the sole defendant, Caleb Skipper, Director of Jackson County's solid waste program.  Plaintiff contends that he was deprived of procedural due process under the Fourteenth Amendment to the United States Constitution when defendant failed to issue a citation in accordance with Alabama Code § 22-27-6(b), prior to initiating state court criminal proceedings.  He also alleges that defendant fabricated evidence, thereby violating his constitutional rights, because defendant "claim[ed] under oath that Plaintiff *refused* to participate" in the County's solid waste program, even though plaintiff "was never contacted in any way to ask if he wants to participate as mandated by law."[9]

Defendant argues that plaintiff's first claim should be dismissed, because adequate procedural due process was provided by the State of Alabama: *i.e.*, plaintiff received a trial in Jackson County's District Court, the opportunity to appeal, and the case ultimately was dismissed on the State's motion following plaintiff's payment of the outstanding balance due to the Jackson County Solid Waste authority.  Defendant also contends that plaintiff's second claim constitutes an impermissible collateral

---

[9] Doc. no. 1 (Complaint) (emphasis supplied).

attack on plaintiff's underlying state court conviction.[10]  Defendant submitted copies of state court pleadings relating to the prosecution of plaintiff for violation of Alabama Code § 22-27-7 in support of his motion to dismiss.

Ordinarily, when on a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  Notwithstanding that general rule, a court may consider public records of a prior state court adjudication without converting the motion to dismiss to a motion for summary judgment.  *See, e.g.*, *Addams v. Kellett*, No. CV-07-S-2346-NE, 2009 WL 10694800, at *4 (N.D. Ala. Apr. 20, 2009) (citing *Boateng v. InterAmerican University, Inc.*, 210 F.3d 56, 60 (1st Cir. 2000)).  Likewise, plaintiff's exhibit to his response opposing the motion to dismiss (*i.e.*, a form letter from defendant to plaintiff detailing the process for seeking an exemption from solid waste collection fees) does not require conversion of the Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment, because it is "central to the plaintiff's

---

[10] Both claims are brought under 42 U.S.C. § 1983, which provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

claim," and "the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

A.      **Procedural Due Process Claim**

The so-called "Alabama Solid Wastes and Recyclable Materials Management Act," Ala. Code § 22-27-1 *et seq*., authorizes any county commission or municipal authority to provide solid waste collection services, and to require public participation in, and subscription to, those services. *Id*. § 22-27-3(a)(2). The Act requires that "[e]very person, household, business, industry, or property generating solid wastes, garbage, or ash . . . *shall* [*i.e.*, a word that in law means *must*] participate and subscribe to such system of service *unless* granted a certificate of exception as provided in subsection (g)." *Id*. (alteration and emphasis supplied). Further, another section of the Act provides, in part, that:

> A person, household, business, industry, or any property owner may store, haul, and dispose of his or her own solid wastes on his or her land or otherwise, provided such storage, haulage, or disposal is accomplished pursuant to a certificate of exception as provided in this subsection. In order to obtain a certificate of exception, an application, an application fee, and plan must be filed with the county health officer or his or her designee in the case of household waste . . . setting out the proposed method of storing, hauling, and disposing of solid waste so as to comply with rules and regulations adopted by the state or county boards of health or the department as appropriate and not create a public nuisance or hazard to the public health.

*Id*. § 22-27-6(g). Additionally, an *exemption* is available to "[a]ny household whose

8

sole source of income is Social Security benefits," upon proof of that status.  *Id.* § 22-27-3(a)(3).  If an individual does not pay the required fee, rate, or charge established by the county commission, or obtain a certificate of exception, or qualify for an exemption, he is subject to the penalties prescribed by Alabama Code § 22-27-7:  *i.e.*, "Any person violating any provision of this article or any rule or regulation made pursuant to this article shall be guilty of a misdemeanor and, upon conviction, shall be fined not less than $50.00 nor more than $200.00 . . . ."

The key question to be answered when a plaintiff alleges a deprivation of his procedural due process rights is whether the state has "fail[ed] to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest."  *Cotton v. Jackson*, 216 F.3d 1328, 1330 (11th Cir. 2000).  Here, even assuming that defendant's failure to strictly comply with the citation requirements of Alabama Code § 22-27-6(b) was a violation of plaintiff's procedural due process rights, it was cured by the state's provision of adequate remedies to redress any such violation.  Specifically, a Jackson County District Judge conducted a trial at which he received evidence and took testimony.  Following the court's determination, based upon the evidence presented, that plaintiff was guilty of violating one or more provisions of the "Alabama Solid Wastes and Recyclable Materials Management Act," plaintiff was afforded the opportunity to appeal the conviction to the Circuit

9

Court of Jackson County.

Accordingly, the court concludes that adequate state remedies were available. Therefore, plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 for alleged violation of his Fourteenth Amendment right to procedural due process.

**B.     Fabrication of Evidence**

Plaintiff also has failed to state a claim that his rights were violated by the fabrication of evidence. Plaintiff alleges only that defendant made a statement under oath that plaintiff *refused* to participate in the solid waste collection program, and that "Plaintiff was never contacted in any way to ask if he wants to participate as mandated by law."[11]   As stated above, however, participation in a county's solid waste collection program is mandatory. An individual, such as plaintiff, who has not been granted an exception or exemption must pay the fees associated with the program. *See, e.g.*, *Martin v. City of Trussville*, 376 So. 2d 1089, 1093 (Ala. Civ. App. 1979).   As such, the court cannot conclude that defendant's statement constitutes fabricated evidence.

Moreover, the United States Supreme Court foreclosed claims for an allegedly unconstitutional conviction, such as the one brought by plaintiff, in *Heck v.*

---

[11] Doc. no. 1 (Complaint), at 3.

*Humphrey*, 512 U.S. 477 (1994), which held that

> in order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into question by a
> federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.
> A claim for damages bearing that relationship to a conviction or
> sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (emphasis in original).  Plaintiff's conviction was not invalidated and,

thus, his claim that it was obtained in an unconstitutional manner must fail.

### III.  CONCLUSION

For all of the foregoing reasons, defendant's motion to dismiss is due to be

granted.  A separate judgment consistent with this memorandum opinion will be

entered contemporaneously herewith.

**DONE** and **ORDERED** this 18th day of April, 2024.

Senior United States District Judge